MEMORANDUM **
Petitioner Jamaal Johnson appeals the district court’s denial of habeas relief under 28 U.S.C. § 2254. Reviewing de novo, Clabourne v. Ryan, 745 F.3d 362, 370 (9th Cir.2014), we affirm.
1. The district court correctly denied habeas relief on Petitioner’s claims alleging a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Supreme Court of Nevada reasonably concluded that, even assuming that the prosecution wrongfully withheld impeachment evidence concerning witnesses DeMarco Parker and Monique Morris, there was no “reasonable probability” that disclosure of the information would, collectively or individually, have made a difference to the outcome of Petitioner’s trial'. Smith v. Cain, — U.S. -, 132 S.Ct. 627, 630, 181 L.Ed.2d 571 (2012). Petitioner confessed to the crime; Parker testified on both direct and cross-examination about his criminal history and his desire to obtain leniency from both prosecutors by testifying against Petitioner; and Morris’ testimony had little importance. The additional evidence had no likelihood of changing the trial outcome.
Petitioner contends that the prosecution continues to withhold five further items of alleged Brady material. We are troubled by the State’s position that it does not have access to those materials. The prosecution bears an obligation under Brady to turn over all favorable materials within its actual or constructive possession. Strick-ler v. Greene, 527 U.S. 263, 275 n. 12, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Despite that unsettling fact, Petitioner must “first establish[ ] a basis for his claim that [the sought-after documents] contain[ ] material evidence.” Pennsylvania v. Rit-chie, 480 U.S. 39, 58 n. 15, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Petitioner has failed to meet that burden, for the same reasons stated above: Given his confession, the impeachment of Parker that occurred, and the insignificance of Morris’ testimony, the documents that Petitioner now seeks do not raise the specter of a different outcome, had they been disclosed.
2. The district court correctly denied habeas relief on Petitioner’s claims alleging a violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Petitioner confessed after waiving his Miranda rights in an audio-recorded interview conducted by Detective Hardy. Petitioner contends that (a) his confession *494 was coached and coerced; (b) his confession was the product of an impermissible two-step “question first and warn later” interrogation strategy, Missouri v. Seibert, 542 U.S. 600, 611, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004); and (c) his waiver of rights was not knowing and voluntary because he understood his waiver to apply only to an unrelated stolen-car investigation for which he had been arrested.
In rejecting Petitioner’s first two arguments, the Supreme Court of Nevada found that no interrogation took place before the recording began. To the contrary, the record plainly demonstrates that a pre-interview took place, and the Supreme Court of Nevada’s contrary conclusion rests on impermissible speculation, given that the trial court never addressed this claim. We conclude that its determination of the facts was “unreasonable.” 28 U.S.C. § 2254(d)(2). Accordingly, we review de novo Petitioner’s first two Miranda-based claims. Frantz v. Hazey, 533 F.3d 724, 735-37 (9th Cir.2008) (en banc).
On de novo review, Petitioner’s claims fail. Petitioner has not pointed to sufficient evidence in the record that Detective Hardy made inappropriate promises to Petitioner or otherwise coached and coerced him into confessing. Similarly, the record does not establish the facts needed for success on a claim under Seibert, because nothing in the record establishes that Petitioner made inculpatory statements during the pre-interview. Because Petitioner failed to request an evidentiary hearing on these claims — before the state courts, the district court, or this court in his opening brief — we will not remand for an evidentia-ry hearing. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011) (“Although state prisoners may sometimes submit new evidence in federal court, AEDPA’s statutory scheme is designed to strongly discourage them from doing so.”).
Finally, the Supreme Court of Nevada reasonably concluded that Petitioner’s waiver of Miranda rights was knowing and voluntary. During the recorded interview, Petitioner asked Detective Hardy if the waiver pertained to “this case right here.” Detective Hardy’s rambling answer that he did not know anything about the unrelated stolen-car investigation was ambiguous. It reasonably could be read as limiting the Miranda waiver to the stolen-car investigation, and it reasonably could be read as limiting the Miranda waiver to the homicide investigation. The Supreme Court of Nevada concluded that Petitioner understood that the waiver applied to the homicide investigation. We will not disturb the state court’s choice among reasonable interpretations.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.